UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 8:18-cr-524-WFJ-CPT
 8:19-cr-288-WFJ-LSG

MARIO ENRIQUE MENDOZA DELGADO
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Mario Enrique Mendoza Delgado, USM#: 72424-018, moves (Dkt. 172 in No. 8:18cr524; Dkt. 187 in No. 8:19-cr-288) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On October 8, 2021, Mario Enrique Mendoza Delgado was sentenced in two cases (Nos. 8:18-cr-524 and 8:19-cr-288) under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received 140 months for each case, to run concurrently with each other. Mr. Mendoza Delgado's total offense level was 35. He was assessed no criminal history points, and his criminal history was category I. Mr. Mendoza Delgado's advisory sentencing range was 168-210 months, and he

received a below-the-guidelines sentence (two level departure to 33). The Court varied downward over the Government's objection based on his poor physical condition and markedly impoverished upbringing. Dkt. 188 at 9 (No. 8:19-cr-288). Defendant also received the benefit of the safety valve. The Bureau of Prisons reports that his projected release is May 30, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Mario Enrique Mendoza Delgado is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 33 and reduces his advisory sentencing range to 135-168. The Federal Defender appears, confirms his eligibility for a reduction, and moves unopposed to reduce his sentence to 135 months (a 5-month reduction in sentence).

The Court exercises its discretion to deny such a reduction. The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction. Defendant participated in two different international drug smuggling conspiracies. Dkt. S-137 at 2 (No. 18-cr-524). In

both, he identified as the master of the vessel. In Case No. 8:18-cr-524, Defendant was one of three crew members hired to transport 1,150 kilograms of cocaine. Eight months later, in Case No. 8:19-cr-288, the Coast Guard intercepted the go-fast vessel with four individuals on board, including the Defendant. The cocaine seized weighed about 683 kilograms and was worth upwards of $20 million, before it was diluted for street sale. Finally, Defendant is a citizen of Ecuador and will be deported upon his release.

Mr. Mario Enrique Mendoza Delgado's motions (Dkt. 172 in No. 8:18-cr-524; Dkt. 187 in No. 8:19-cr-288) for a reduction in sentence are **DENIED**. The *pro se* motion for reduction in sentence (Dkt. 157 in No. 8:18-cr-524) is also denied.

**DONE AND ORDERED** at Tampa, Florida on September 25, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE